UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BURKHARTSMEIER,<br><br>    Plaintiff,<br><br>v.<br><br>POWER MOBILE LIFE, LLC et al.,<br><br>    Defendants. | Case No. 2:24-cv-06617-SB-SK<br><br>ORDER GRANTING MOTION TO REMAND AND FOR ATTORNEY'S FEES [DKT. NO. 9] |

    Plaintiff Lisa Burkhartsmeier filed a complaint in state court, asserting various causes of action arising out of her employment and termination by Defendants.  Nearly two months after being served, Defendants removed the case, invoking diversity jurisdiction and claiming that removal was timely because Plaintiff had agreed to extend the time to answer.  Plaintiff now moves to remand because Defendants removed more than 30 days after they were served with the complaint.  Dkt. No. 9.  Plaintiff also seeks attorney's fees under 28 U.S.C. § 1447(c) and Local Rule 83-7.  The Court held a hearing on October 4, 2024 and heard argument from the parties.  Because Defendants' removal was untimely and their asserted reasons for timeliness were objectively unreasonable, the Court grants the motion to remand and awards attorney's fees to Plaintiff.

I.

    A defendant may remove a civil action from state to federal court if jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  The removing party bears the burden of proving that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If removal is based on diversity jurisdiction, 28 U.S.C. § 1441(b), the removing defendant must demonstrate complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  There is a "strong

presumption" against removal jurisdiction, which requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566–67.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days of: (1) the day it received the complaint, or (2) "if the case stated by the initial pleading is not removable," the day the defendant received a paper from which it could first ascertain that the case was removable. The Ninth Circuit has interpreted § 1446(b) as providing that the 30-day removal period runs from the date of receipt of the complaint "only when [the] pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 690–91 (9th Cir 2005) (cleaned up). The fact that an initial pleading provides a "clue" as to removability does not impose a duty to investigate whether a case is removable—the basis of removal generally must be determined from the four corners of the complaint. *Id.* at 694–95. However, when evaluating a complaint, a defendant must exercise a "reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

## II.

Plaintiff filed her complaint in state court on May 29, 2024 and served Defendants by certified mail two days later. Under California law, service was effective on June 10, ten days after the summons and complaint were mailed. Cal. Civ. Proc. Code § 415.40 (service by mail on persons outside California deemed complete on the tenth day after mailing). Defendants removed the case on August 5—56 days after the effective date of service.

In their notice of removal, Defendants asserted that it was apparent from "the face of Plaintiff's complaint" that the amount in controversy exceeded $75,000. Dkt. No. 1 ¶ 36. Defendants relied on Plaintiff's allegation that she had a base salary of $170,000 per year, with the potential to earn up to $308,000 a year, and on her prayer for relief, which demanded general, compensatory, special, and punitive damages, as well as interest on lost or unpaid wages, attorney's fees and costs, and statutory penalties. *Id.* ¶¶ 28–37. Defendants also explained that diversity was complete because Plaintiff is a citizen of California and Defendants—three limited liability companies whose sole board member and director is a Chinese citizen—are citizens of China. *Id.* ¶¶ 13–27. Defendants stated that removal was timely because the parties had stipulated to a 30-day extension of time for Defendants to respond to the complaint, which Defendants claimed also extended their time to remove. *Id.* ¶¶ 5–6.

Plaintiff moved to remand, arguing that the stipulation extending Defendants' time to respond to the complaint did not extend their time to remove. During the parties' meet-and-confer process, Plaintiff explained that she had never agreed to extend the time to remove the case to federal court and that any such agreement would be legally ineffective anyway. Dkt. No. 9-2 ¶ 5; *see Transport Indem. Co. v. Fin. Tr. Co.*, 339 F. Supp. 405, 407–08 (C.D. Cal. 1972) (holding 30-day removal period cannot be extended by consent of plaintiff). Defense counsel on two occasions (including after Plaintiff advised Defendants that she would seek attorney's fees if required to file a motion to remand) stated that Defendants would consider stipulating to remand but ultimately declined to do so. Dkt. No. 9-2 ¶¶ 5–6. Throughout these conversations, Defendants did not provide any legal authority for their position or explain why they would not stipulate to remand. *Id*. ¶ 6.

In their opposition to the motion to remand, Defendants do not even attempt to defend the argument in their removal notice that removal was timely based on the parties' stipulation to extend the time to respond to the complaint. They neither produce evidence to support their assertion that Plaintiff agreed to extend the time to remove the case nor identify any legal authority to suggest that any such agreement could extend the statutory time to remove. Thus, Defendants have abandoned the sole argument for timeliness asserted in the notice of removal—an argument that in any event appears to be factually, if not legally, baseless.[1]

Instead, Defendants argue for the first time in their opposition that removal was timely because they only discovered that the action was removable on July 9, when they became aware of their own citizenship and the amount in controversy after their counsel, Charmaine Huntting, received documentation of Plaintiff's salary and earnings and investigated Defendants' citizenship. Dkt. No. 14. Defendants neither explain their change in position nor cite authority permitting

---

[1] A plaintiff can waive the 30-day procedural requirement by failing to timely object to a late removal petition. *Friedenberg v. Lane Cnty.*, 68 F.4th 1113, 1121 (9th Cir. 2023). The plaintiff in this case filed a timely remand motion and did not previously agree to waive the 30-day removal requirement. Plaintiff merely agreed to extend the time to respond to the complaint. It is manifestly unreasonable to suggest—as Defendants did in their removal petition—that this routine extension request constituted a knowing and intentional waiver of the 30-day removal requirement.

them to assert new grounds for timeliness not present in their notice of removal. *Cf. Prado v. Dart Container Corp. of California*, 373 F. Supp. 3d 1281, 1287 (N.D. Cal. 2019) (rejecting new timeliness ground asserted for first time in opposition to motion to remand). But even if it were procedurally proper for Defendants to belatedly raise this new argument, the argument fails on the merits.

First, Huntting represented in the notice of removal that it is evident from "the face of [the] complaint" that the amount in controversy exceeds $75,000, relying on the allegation that Plaintiff had "the potential to earn up to $308,000 per year" and citing cases in which the amount in controversy had been satisfied when the plaintiff's alleged lost wages were far less. Dkt. No. 1 ¶¶ 35–36. Huntting does not state in her declaration that she relied on any information outside the complaint in determining the amount of controversy. In a complete turnabout, she now submits a declaration in opposition to the remand motion suggesting that the amount in controversy could not be determined on the face of the complaint, stating that "[t]he fact that the amount in controversy meets or exceeds the threshold only became apparent after [she] received and reviewed documentation of Plaintiff's salary and earnings on or about July 9, 2024." Dkt. No. 14-1 ¶ 3. Huntting provides no explanation for this inconsistency. For the reasons provided in the notice of removal, the Court finds that it was intelligibly ascertainable from the face of the complaint that the amount in controversy exceeded $75,000.

Second, Defendants' argument that their own citizenship was not evident to their counsel until July 9 is likewise unavailing. Huntting's second declaration does not specify how she determined Defendants' citizenship—she simply asserts that she "investigated and first learned on July 9, 2024 that Defendants' sole board member and Director is a citizen of China." *Id.* ¶ 4. But even if the Court were to credit this conclusory and belatedly presented statement, courts in the Ninth Circuit have repeatedly (and sensibly) held that defendants are charged with knowledge of their own citizenship. *Bluemner v. Ergo Media Cap., LLC*, No. 2:15-CV-01392-MMM, 2015 WL 3533218, at *5 (C.D. Cal. June 4, 2015) (collecting cases); *see e.g.*, *KDY, Inc. v. Hydroslotter Corp.*, No. 3:08-CV-4074, 2008 WL 4938281, at *4 (N.D. Cal. Nov. 17, 2008) (explaining that "courts surely can presume that a defendant is aware of various basic personal facts, including the location of one's citizenship" and that this presumption is consistent with *Harris*). Defendants fail to address this case law.[2]

---

[2] At the hearing, defense counsel, Nicholas Krebs, made two misstatements that are concerning—particularly in the context of the unexplained shift in positions taken by the defense in this case. First, he stated that the notice of removal included

Accordingly, even under Defendants' belatedly asserted theory, their notice of removal was untimely.

### III.

Plaintiff seeks $5,000 in attorney's fees under 28 U.S.C. § 1447(c) and Local Rule 83-7, arguing that Defendants had no objectively reasonable basis for removal and failed to substantively meet and confer about the motion as required under Local Rule 7-3.

Under § 1447(c), "[a]n order remanding the case may require payment of . . . attorney fees incurred as a result of the removal." 28 U.S.C. § 1447(c) (cleaned up). Attorney's fees are generally only available where the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005).

Defendants devote only a single paragraph of their opposition to arguing against an award of attorney's fees. Dkt. No. 14 at 4–5. Their sole argument is that they had an objectively reasonable basis for removal because it is undisputed that diversity jurisdiction exists. Defendants do not argue that they had an objectively reasonable basis for their assertion in the notice of removal that the removal was timely because Plaintiff consented to extend the time to answer. To the contrary, they have abandoned that argument, effectively conceding its unreasonableness. Nor have Defendants shown that their belated alternative theory of timeliness was objectively reasonable. Moreover, Plaintiff explained to Defendants the reasons their removal was untimely and presented them with an opportunity to avoid an award of fees by stipulating to remand, but Defendants

---

declarations "about the discovery of [Defendants'] citizenship . . . during [the] investigation process." While the notice included declarations from Huntting and Meng Yang (Defendants' sole director and board member), neither described any investigation into Defendants' citizenship. Dkt. Nos. 1-1, 1-2. Second, when asked whether the Ninth Circuit has held that a defendant may delay removal to investigate its own citizenship, he incorrectly cited *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013)—which involved a defendant's investigation into a *plaintiff* class member's citizenship. *Id.* at 1125. The Court cautions counsel that the boundaries of zealous advocacy do not extend beyond the duty of candor.

refused, requiring Plaintiff to file this motion. Accordingly, the Court finds that an award of attorney's fees under § 1447(c) is warranted.

The Court determines the amount of attorney's fees by multiplying the number of hours reasonably expended by a reasonable hourly rate under the lodestar method. *Alexander v. King Cnty., Washington*, 776 F. App'x 463, 463 (9th Cir. 2019) (reviewing district court grant of fees under lodestar method); *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (describing the lodestar calculation). Plaintiff produces a declaration explaining that counsel spent 7.4 hours researching, meeting and conferring, and preparing the motion to remand and that counsel's most recently approved hourly rate (in 2019) was $700. Dkt. No. 9-2 ¶ 7. While a lodestar calculation based on the information provided would yield $5,180, Plaintiff requests only $5,000. Counsel also provides a description of his experience and awards, which provide support for the reasonableness of his requested rate. *Id.*; *see also Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding court can rely on its own knowledge and experience in assessing reasonable hourly rate). Defendants do not address the amount of Plaintiff's requested fee or dispute its reasonableness. On this record, and in the absence of any timely challenge to the amount of the fee requested, the Court finds that an award of $5,000 in attorney's fees incurred as a result of Defendants' groundless removal is warranted.

## IV.

Because Defendants' removal of the action was untimely, and they lacked an objectively reasonable basis for asserting otherwise, the Court (1) awards Plaintiff $5,000 in reasonable attorney's fees under § 1447(c), which Defendants shall pay to Plaintiff within 14 days after entry of this order, and (2) remands this action to the Los Angeles Superior Court.

Date: October 7, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge